IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00073-CR

 

Kristopher Keith Kinchloe,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 272nd District
Court

Brazos County, Texas

Trial Court No. 08-00590-CRF-272

 



MEMORANDUM  Opinion










 

            Kristopher Keith Kinchloe
appeals from his conviction for the offense of Assault with Bodily
Injury/Family Member which was enhanced by a prior conviction for the same
offense.  Kinchloe pled not guilty to the offense, but pled true to the
enhancement before the jury.  Kinchloe was sentenced to six years in prison by
the trial court.  Kinchloe complains that the trial court erred in submitting
an improper limiting instruction regarding his prior conviction that served as
the basis of the enhancement paragraph as an extraneous offense in the jury
charge.  Because we find no reversible error, we affirm the judgment of the
trial court.




Admission of Extraneous Offenses

            Kinchloe contends that the
evidence regarding his prior conviction was admissible solely for
jurisdictional purposes and could not be considered for any of the reasons
relating to extraneous offenses in Rule 404(b) of the Rules of Evidence. 
See Tex. R. Evid. 404(b).  To
the extent that Kinchloe’s issue can be read to complain that the evidence was
used for any other purpose pursuant to rule 404(b), that objection was waived
by Kinchloe’s failure to request a limiting instruction at the time the
evidence was offered.  Because there was no request for a limiting instruction
at the time of the admission of his stipulation regarding the prior conviction
that extraneous act evidence became “part of the general evidence and [could]
be used for all purposes.”  See Delgado v. State, 235 S.W.3d 244, 251
(Tex. Crim. App. 2007).

            In his brief, Kinchloe also
sets forth the balancing test required for determining admissibility pursuant
to Rule 403.  See Tex. R. Evid.
403; De La Paz v. State, 279 S.W.3d 336, 348-49 (Tex. Crim. App. 2009). 
However, that objection was also not made at the time of the admission of the
evidence, but was referenced during the jury charge conference.  As such, any
complaint relating to Rule 403 was waived.  Tex.
R. App. P. 33.1(a).  

Jury Charge Error

            Kinchloe complains that the
trial court’s limiting instruction that was included in the charge relating to
extraneous offenses was erroneous because it allowed the jury to consider the
prior conviction for purposes other than for establishing felony jurisdiction,
those being the intent of the defendant and rebuttal of a defensive theory. 
The instruction of which Kinchloe complains stated:

You are instructed that if there is any
testimony before you in this case regarding the defendant’s having committed
offenses other than the offenses alleged against him in the indictment in
this case, you cannot consider said testimony for any purpose unless you
find and believe beyond a reasonable doubt that the defendant committed such
other offenses, if any were committed, and even then you may consider the same
in determining jurisdiction, the intent of the defendant, and rebuttal of any
defensive theory in connection with the offense alleged against him in the
indictment in this case, and for no other purpose.

 

(emphasis added).  However, this section
by its language expressly does not apply to the prior conviction because it is
limited to other offenses besides those alleged in the indictment.  The prior
conviction of which Kinchloe complains was contained in the indictment, read to
the jury as part of the indictment, Kinchloe pled true to that prior conviction
before the jury, and a signed, sworn stipulation regarding that conviction was
admitted into evidence.  

Additionally, without a request for a
limiting instruction at the time of the admission of the evidence, the trial
court was not required to submit a limiting instruction in the jury charge
regarding the use of that prior conviction.  Delgado, 235 S.W.3d at
251.  Therefore, the charge was not erroneous on this basis.  Kinchloe does not
complain of any other extraneous offenses admitted into evidence or that there
are other errors in the charge.  We overrule Kinchloe’s sole issue.

Conclusion

            Finding no reversible error,
we affirm the judgment of the trial court.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice




Before
Chief Justice Gray,

            Justice
Davis, and

            Justice
Scoggins

Affirmed

Opinion
delivered and filed July 20, 2011

Do
not publish 

[CR25]






: justify">Before Chief Justice Gray,
      Justice Vance, and
      Judge Allen (Sitting by Assignment)



Dismissed for want of prosecution
Opinion delivered and filed December 10, 2003
[CV06]